# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RIVERBEND CAPITAL, LLC** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 09-3599** |
| | * | |
| **ESSEX INSURANCE COMPANY** | * | **SECTION "L"(4)** |

## ORDER & REASONS

Before the Court is the Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted filed by Defendant Essex Insurance Company (Rec. Doc. No. 3). For the following reasons the Motion is DENIED.

## I.     BACKGROUND

On or about April 16, 2008, Plaintiff Riverbend Capital, LLC discovered damage to its property, an apartment complex located at 4440 Gawain Street in New Orleans, Louisiana. Plaintiff alleges that at the time the damage was incurred, Plaintiff held a commercial property insurance contract with Defendant, Essex Insurance Company (hereinafter "Essex"). Plaintiff filed a claim with Essex and reported that the property sustained damage due to looting. Defendant retained Apple Adjusters, Inc. ("the adjuster"), who inspected Plaintiff's property on July 1, 2008. The adjuster took numerous photographs of the property damage and submitted a report describing the damage and assigning a value of the damage at $18,134.32. Plaintiff deemed the Defendant's tender of an amount for the covered damage to be insufficient, and brought an action alleging that a portion of Plaintiff's loss that was uncompensated was covered under the policy. Plaintiff sues for breach of contract and miscellaneous breaches of the duty of good faith, and seeks damages, interest, attorney's fees and statutory penalties pursuant to

1

Louisiana Revised Statute Section 22:1220 (currently La. R.S. § 22:1973), Louisiana Civil Code Article 1997, and Louisiana Revised Statute Section 22:658 (currently La. R.S. § 22:1892).

On May 20, 2009, Defendant removed the case to this Court on the basis of diversity of citizenship and an amount in controversy in excess of $75,000, pursuant to 28 U.S.C. § 1332.

## II. PRESENT MOTION

On May 27, 2009, the Defendant filed a motion to dismiss for failure to state a claim upon which relief can be granted, per Federal Rules of Civil Procedure 12(b)(6).[1] Plaintiff's complaint avers damage from "looting," which Defendant notes is not covered by the policy unless in the context of a "riot or civil commotion." Defendant alleges that Plaintiff failed to plead any facts pertaining to the riot or civil commotion necessary for the damage from looting to be covered pursuant to the policy, and therefore the Plaintiff failed to state a claim upon which relief can be granted.

In response, the Plaintiff asserts that while the Defendant interpreted Plaintiff's use of the word "looting" to mean looting only in the context of a riot or civil commotion, Plaintiff's intent was to use looting according to common verbiage as "something appropriated illegally often by force or violence," in accordance with the definition provided by Webster's Ninth New College Dictionary, 705 (9th Ed. 1985). Plaintiff asserts that the policy at issue provides coverage for damage caused by vandalism, and the adjuster's report and estimate contains 168 different references to vandalism.[2] Plaintiff notes that whether or not the damage was from thievery or intentional vandalism is an issue Defendant should raise as an affirmative defense at

---

[1] Rec. Doc. No. 3.

[2] Rec. Doc. No. 7.

2

trial. Should this Court find the facts in the pleading insufficient, Plaintiff asks that the Court grant Plaintiff leave to amend his pleading, because Defendant will not be prejudiced, Defendant has not submitted an answer to the pleading and discovery has not been undertaken.

Defendant replies that, contrary to Plaintiff's pleading, Plaintiff's opposition to the Motion to Dismiss correctly describes their claim.[3] Defendant notes that Plaintiff used neither "vandalism" nor "theft" to describe the damage in the pleading, and asserts that to properly state a claim upon which relief can be granted in an insurance case, Plaintiff must allege that a specific policy provision has been breached. Defendant asserts that Plaintiff must amend their pleading in order to continue in this action.

### III.     LAW & ANALYSIS

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that dismissal is appropriate where the pleader fails to state a claim upon which relief may be granted. "The district court may not dismiss a complaint under rule 12(b)(6) 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The complaint must be liberally construed in favor of the plaintiff, "and all facts pleaded in the complaint must be taken as true." *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986). "In order to avoid dismissal for failure to state a claim, however, a plaintiff must plead specific facts, not mere conclusory allegations ." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (quoting *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994)). "Factual allegations must be enough to

---

[3] Rec. Doc. No. 10.

3

raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Short of granting a motion to dismiss, a court can grant the plaintiff leave to amend his complaint. *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1175 (5th Cir. 2006)("This standard 'evinces a bias in favor of granting leave to amend. The policy of the Federal Rules is to permit liberal amendment . . .'") (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597-98 (5th Cir. 1981)). However, with valid justification, leave to amend can be denied. *Carroll*, 470 F.3d at 1175.

In support of its position that Plaintiff must amend its complaint in order to continue in the case, Defendant asserts that plaintiffs alleging breaches of insurance contracts must allege the breach of a specific policy provision, citing cases that rely on *Bergeron v. Pan American Assurance Co.* 731 So.2d 1037 (La. App. 4 Cir. 1999). In *Bergeron*, plaintiffs brought claims against insurance companies, alleging fraud, as well as breach of contract. *Id*. at 1039. Plaintiffs alleged that agents that sold life insurance policies to the plaintiffs fraudulently indicated that plaintiffs could obtain the policies through payment of a single premium or a limited number of premiums. *Id*. The court affirmed the lower court's finding that plaintiffs' fraud claims had prescribed, and that plaintiffs' breach of contract claims should be dismissed. *Id*. at 1045. Although the plaintiffs asserted that the agent misrepresented the payment schedule for the policy, the court excluded parole evidence regarding what the insurance agent had told plaintiffs. The court reasoned that because plaintiffs had not alleged a breach of a provision of the written contract, the breach of contract claim should be dismissed. *Id*.

Courts have cited *Bergeron* for the proposition that plaintiffs must allege the breach of a specific provision of an insurance contract in order to withstand a motion for dismissal for failure to state a claim upon which relief can be granted. *See Louque v. Allstate Ins. Co.*, 314 F.3d 776, 782 (5th Cir. 2002); *see also St. Germain v. Scottsdale Ins. Co.*, 2007 WL 4365391, *2 (E.D. La. Dec. 11 2007); *Henry v. Allstate Ins. Co.*, 2007 WL 2287817 (E.D. La. Aug. 8 2007). In *Louque*, plaintiff brought action against his insurance company, alleging that the defendant breached its contract with plaintiff when the defendant refused to settle a lawsuit brought against plaintiff by a third party as a result of an auto collision. *Louque*, 314 F.3d at 778. The plaintiff alleged that defendant's policy never to settle minor-impact, soft tissue injury claims, constituted breach of defendant's contract with plaintiff, among other allegations. *Id*. The United States Fifth Circuit Court of Appeals affirmed the district court's ruling dismissing plaintiff's claim for breach of contract, reasoning that plaintiff had made a general allegation regarding the breach of a policy provision, yet there was no provision in the policy that would give the plaintiff the requested relief. *Id*. at 782 (citing *Bergeron*, 731 So.2d at 1045). In fact, the Fifth Circuit found that the policy conferred absolute discretion upon the insurer regarding the decision to settle claims. The Fifth Circuit found that plaintiff failed to allege the breach of a specific provision, and in fact, there was no written provision in the contract that required defendant to settle any claim. *Id*.

Subsequent cases have held that *Bergeron* does not stand for the broad proposition that all claims for breach of insurance contracts must allege a specific policy provision. *See, e.g. Stokes v. Allstate Indem. Co.*, 2007 WL 1875847 (E.D. La. June 28, 2007). In *Stokes v. Allstate Indemnity Co.*, plaintiff, as part of a class action, brought action against all insurers that denied

5

valued policy fire insurance claims after Hurricane Katrina. *Id*. The court denied defendant's motion to dismiss, finding that a plaintiff need only plead breach of contract, and is not required to allege the breach of a specific provision. *Id*. at *3. The court reasoned that the statement in *Louque* on the specificity of pleadings was dicta, as the plaintiff had not argued the merits of her breach of contract claims. *Id*. at *2. The court further distinguished *Bergeron*, finding that the holding in *Bergeron* concerned the application of parole evidence, and that the statement on the requirement for specificity in pleading was in reference to plaintiffs' assertion that the defendants had orally amended the contract. *Id*. The court in *Stokes* also noted that there was no provision in the *Louque* contract that would give the plaintiff the requested relief. *Id*. In contrast, in *Stokes*, the plaintiff asserted a breach of contract, and the court found there is no Louisiana law requiring plaintiffs to allege a breach of a specific policy provision. *Id*.

In the instant case, Plaintiff alleged the violation of a specific policy provision, but as Defendant has acknowledged, misidentified the correct provision. Upon adjustment of Plaintiff's claim, Defendant was on notice of the nature of Plaintiff's claim. Defendant's policy contains separate provisions for coverage in the event of a riot or civil commotion (Causes of Loss #7) and vandalism (Causes of Loss #8).[4] The finder of fact can determine whether the damage to Plaintiff's property was due to "Riot" or "Vandalism." Either way, the Plaintiff asserts that the contract has been breached due to Defendant's failure to pay for a "covered cause of loss."[5] The Court agrees with *Stokes* and finds that Plaintiffs have satisfied the requirement that they plead that the contract has been breached. This is closer to an instance of mistake in

---

[4] Rec. Doc. No. 3, Exhibit No. 2, Part No. 2.

[5] Rec. Doc. No. 1.

pleading, rather than a lack of specificity. When a mistake is made in pleading, the court has previously granted leave to amend the complaint. *See Energy & Marine Underwriters, Inc. v. Hughes*, 2008 WL 145102 (E.D. La. Jan. 15, 2008). In *Energy & Marine Underwriters, Inc.*, plaintiff alleged violation of an employment agreement by defendant, but mistakenly referenced an older agreement that had later been nullified by a more recent agreement, though the terms in both were substantially similar. *Id*. The court denied defendant's motion to dismiss and granted plaintiff's motion for leave to amend the complaint, reasoning that an amendment was the proper remedy for the deficiency in the complaint. *Id*.

The Defendant does not assert that Plaintiff should be prohibited from amending his complaint. Because the Federal Rules of Civil Procedure permit liberal amendment, and because Defendant is on notice of Plaintiff's intention to allege breach of contract regarding the vandalism provision of the insurance agreement, Defendant's motion to dismiss shall be denied and the Plaintiff shall be granted leave to amend his complaint with regard to the incorrect policy provision.

## IV.     CONCLUSION

For the foregoing reasons, IT IS ORDERED that Defendants' Rule 12(b)(6) Motion to Dismiss (Rec. Doc. No. 3) is DENIED without prejudice, and that plaintiff be GRANTED leave to amend his complaint.

New Orleans, Louisiana, this 4th day of August, 2009.

_____
UNITED STATES DISTRICT JUDGE

7